CALOGERO MANZELLA, as Administrator, etc., of SARAH MANZELLA, Deceased, Plaintiff, *v.* ROCHESTER RAILWAY COMPANY, Defendant.

*Negligence — injury to a girl of fifteen while she is attempting to prevent a child's being run over by a street car.*

In an action brought to recover damages resulting from the death of the plaintiff's intestate it appeared that the defendant operated a double-track street railway on State street in the city of Rochester; that the easterly track was for north-bound cars and the westerly track for south-bound cars; that on the afternoon of the accident the intestate, a girl fifteen years of age, stopped on the east side of State street while a south-bound car was approaching; that a boy four or five years of age having attempted to cross in front of the approaching south-bound car, the intestate rushed towards him, pulling him

from in front of the south-bound car; that she then stepped back and was struck by a north-bound car.

The space between the two tracks was four feet five inches, and was lessened by the overhang of the cars to from thirteen to seventeen inches. The intestate did not, when rescuing the boy, leave the north-bound track, but stood with one foot between the rails of that track, and the other between the two tracks. The north-bound car was at least sixty-five feet distant from the girl when she started to rescue the boy, and the motorman of the north-bound car had a clear view of the entire transaction. The north-bound car was traveling up grade at the rate of six or eight miles an hour. No signal of the approach of the car was given, nor was the speed thereof slackened until after the accident, although the motorman had ample time to stop the car previous to the accident.

*Held*, that the questions of the defendant's negligence and of the intestate's freedom from contributory negligence were for the jury to pass upon, and that it was improper for the court to nonsuit the plaintiff;

That the intestate was not to be charged with negligence *per se* in voluntarily putting herself in danger to save the life of the boy, nor was she a trespasser in passing in front of the approaching car under the circumstances.

McLENNAN, P. J., and STOVER, J., dissented.

MOTION by the plaintiff, Calogero Manzella, as administrator, etc., of Sarah Manzella, deceased, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance upon a nonsuit granted by the court after a trial at the Monroe Trial Term in November, 1903.

*Salvator Vella*, for the plaintiff.

*Charles J. Bissell*, for the defendant.

SPRING, J.:

Sarah Manzella, a girl fifteen years of age, was on the 3d day of September, 1902, hit by a north-bound car of the defendant on State street, in the city of Rochester, and received injuries from which she died, and this action was commenced by her administrator to recover damages by reason of her death.

There are two parallel tracks of the defendant in State street which extend north and south. The easterly track is for north-bound cars and the other for those going in an opposite direction.

The plaintiff's intestate, on the afternoon of the accident, while returning from her work stopped on the east side of the street

waiting for cars of the defendant to pass. A north-bound car passed in front of her and a south-bound car was approaching. A small boy, four or five years of age, who stood near the girl started to cross over the tracks and in front of the approaching south-bound car. The girl, apparently noticing his perilous situation, rushed toward him seizing and pulling him from in front of the car. She then stepped back and was struck by the car from the south. The witnesses did not agree in their estimates of the distance the north-bound car was from the scene of the accident when the girl started for the boy. They range from sixty-five to over two hundred feet in giving this distance.

From the time the girl started for the boy until she was struck everything that occurred was in plain view of the motorman of the north-bound car. Dr. Losey, a physician, who was on a bicycle and traveling alongside of this car, observed the boy run in front of the south-bound car; saw the girl rush after him and detailed the transaction until the upgoing car shut off his view. She did not wholly leave the easterly track. She stood with one foot between the rails of this track and the other between the two tracks, and reached over and took hold of the boy drawing him toward her from the front of the car. That car cut off her passage across the street. The space between the two tracks was four feet and five inches, and with the widest overhang of the car the space between them, when side by side, was only from thirteen to seventeen inches.

The girl was in a critical position. She could not cross over. To stand between the two passing cars was perilous, and to step back was more so. In measuring her conduct we must consider the excitement natural to rescuing the boy, the age of the girl, and the dangerous situation in which she was placed. It was necessary for her to act instantaneously in these surroundings and circumstances, and she was not responsible if she failed to make the wisest choice of the chances to escape disaster, or even if she adopted the one most perilous.

She was not to be charged with negligence *per se* in voluntarily putting herself in danger to save the life of the boy. (*Eckert* v. *Long Island R. R. Co.*, 43 N. Y. 502; *Manthey* v. *Rauenbuehler*, 71 App. Div. 173.) Nor was she a trespasser in going in front of a fast coming car when animated by the humane desire to rescue the

lad from imminent peril. (*Spooner* v. *Delaware, L. & W. R. R. Co.*, 115 N. Y. 22, 34.)

From the time she started over the easterly track after the boy until she was struck the motorman had a clear view of the whole transaction. If he was observant and mindful of his duty he saw her pull the boy from the track in front of the south-bound car, and saw that she did not leave the track on which his car was running. If the story of the plaintiff's witnesses is to be credited, he ought to have appreciated the peril this girl was in and stopped his car. By the exercise of ordinary care and judgment he ought to have realized the uncertainty of her crossing the other track. He also ought to have apprehended the danger she encountered in attempting to return in front of his car or of standing between the two cars as they passed each other. It is apparent that whichever way she turned she was to be confronted with impending danger, and the jury had a right to say that the motorman ought to have understood this fact. He had ample time to stop his car. It was going up grade, six or eight miles an hour, and the proof shows that it could have been stopped within forty or fifty feet, but its speed was not slackened at all until the girl was struck. No warning signal was given of its approach, although if given that might not relieve the defendant for failing to stop the car.

We think the negligence of the defendant and the conduct of the intestate as well, were for the jury to pass upon.

The plaintiff's exceptions should be sustained and a new trial ordered, with costs to the plaintiff to abide the event.

All concurred, except MCLENNAN, P. J., and STOVER, J., who dissented.

Plaintiff's exceptions sustained and motion for new trial granted with costs to plaintiff to abide event.